IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  10-04387 (ESL) |
| TOMMY ORLANDO HABIBE VARGAS | CHAPTER 7 |
| Debtor | |
| NOREEN WISCOVITCH RENTAS, TRUSTEE OF THE CHAPTER 7 ESTATE OF TOMMY ORLANDO HABIBE VARGAS | ADV. PROC. 11-00218 |
| Plaintiff(s) | |
| vs. | |
| TOPANI FOUNDATION | |
| Defendant | |

OPINION AND ORDER

This case is before the court upon the revised motion for summary judgment filed by the defendant TOPANI Foundation ("TOPANI") on March 29, 2016; the opposition to the revised request for summary judgment filed by the chapter 7 trustee on April 27, 2016; and TOPANI's reply to opposition filed on May 2, 2016.

The factual summary in TOPANI's motion for summary judgment and in the opposition by the trustee disclose that the present case arises from a settlement agreement entered between TOPANI and Covadonga Properties, Inc. ("Covadonga") in civil case number 10-01496 (SEC) before the U. S. District Court for the District of Puerto Rico, regarding the proceeds of a sale of real estate owned by Covadonga, of which TOPANI owned 50% of the shares. The Debtor filed a petition under chapter 11 of the Bankruptcy Code on May 21, 2010. The civil action before the district court was filed on June 4, 2010. On July 30, 2010, the Debtor filed his amended Summary of Schedules which included, Schedule B (Personal Property). Schedule B

-1-

includes an account receivable against Covadonga Properties, Inc. for investment and loans to corporation in the amount of $921,999.17 (Lead case, No. 10-04387, Docket No. 20)[1]. Also, on July, 30, the Debtor filed an Amended Statement of Financial Affairs in which he disclosed in line item #10 (Other transfers) that on April 24, 2003 he had transferred to "Trust: Topani Private Foundation (only Debtor's sons are beneficiaries of this trust)" the following: "[p]roperty: Share Certificate #2 for 1,000 shares of Covadonga Properties, Inc., Value: $1,000" (Lead case, Docket No. 18). The Chapter 11 petition was converted to chapter 7 on February 3, 2011.

Defendant alleges that the Debtor is not a member or stockholder of TOPANI, nor a beneficiary of TOPANI, as the laws of the Netherlands Antilles, under which TOPANI was organized, do not so provide. Therefore, the property which the trustee requests to be turned over cannot be considered part of the Debtor's estate. TOPANI further alleges that the action is barred by 11 U. S. C. § 548 and 31 L. P. R. A. § 3512.

The trustee alleges that the cause of action under § 548 is not time barred, that TOPANI is a revocable trust that can be dissolved at any time, that the Debtor has retained control over TOPANI and can be named as a beneficiary at any time, and that the beneficiaries of TOPANI foundation do not have any legal right to the proceeds.

The exhibits to the defendant's motion for summary judgment show that TOPANI Foundation is a private foundation registered in the Curaçao Commercial Register on December 18, 2002. On November 18, 2002 the Debtor and Tommy R. Habibe Arrias sold all of the issued and outstanding shares of Covadonga to Wereld Financiering B.V. ("Wereld"), a corporation organized under the laws of Curaçao, Netherland Antilles, for allegedly a purchase price of $1,500,000. Article 3.1 of the *Agreement of Purchase and Sale of Shares* discloses that, "[s]ellers acknowledge receiving the amount of $100,000.00 from the Purchaser on execution of this agreement, said amount to be held by the Sellers as a deposit on account of the purchase

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 10-04387 (ESL).

price of the Shares and as security for the Purchaser's due performance of this agreement." (lead case, Docket No. 35, Exhibit IX). On July 31, 2006, Wereld sold its shares in Covadonga to TOPANI and Magna Private Foundation. TOPANI purchased 1,000 shares of Covadonga from Wereld for $1,000 and was issued stock certificate No. 2. Magna Private Foundation purchased 1,000 shares of Covadonga from Wereld for $1,000 and was issued stock certificate No. 1. TOPANI's settlement with Covadonga is for sale proceeds of the property to the Municipality of San Juan. In addition there is Zayid Investments, Inc., which has appeared represented by its Sole Director HBM B.V.I. Ltd., as holder of the Founders Authorities for TOPANI Foundation, a Curaçao Private Foundation. It appears that during its existence, Zayid Services, Inc. will be the sole beneficiary of the income and assets of TOPANI Foundation (Docket No. 63, Exhibit IV). However, also on November 20, 2003 it appears that LIQOP N.V. (TOPANI's Founder) also assigned its Founder's Rights to Zayid Services LTD. and HBM Trustees N.V. was appointed as sole member of the Supervisory Board of Directors and Managing Director of TOPANI Foundation (Docket No. 78, Exhibit I & I(a)). Subsequently, on April 21, 2006, a meeting of general shareholders of Zayid Services Ltd. was held in which Tommy Orlando Habibe Vargas appears as the "bearer of all issued and outstanding shares and ultimate beneficial owner of the Company." The minutes of that day disclose that Zayid Services Ltd. requested the immediate resignation and/or dismissal of HBM B.V.I, Ltd. as Directors, Managing Directors, Supervisory Directors and/or Board Members of the Company. On this same date, Consultants Associates N.V. was appointed the new director of the Company and as the sole member of the Supervisory Board of Directors of TOPANI Foundation (Docket No. 78, Exhibit I(d)). Subsequently, on December 8, 2010, a *Deed of Assignment of Founder's Authorities* is executed which discloses that on December 20, 2008, German Trust acquired the Founder's authorities from Zayid Services Ltd. by a *Deed of Assignment of Founder's Authorities* executed on December 20, 2008. Through this deed of assignment dated December 8, 2010, German Trust transferred its Founder's Authorities to the Panito Family Trust (Docket No. 78,I(e)).

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact.  Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation.  Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976).  When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party.  Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment.  Adickes v. Kress & Co., 398 U.S. 144, 157 (1970).  See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991).  It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial.  Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial.  López, 938 F.2d at 1516.  In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case.  Celotex, 477 U.S. at 325.  See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11.  In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment.  Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987).  See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464.  A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if

-5-

established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

DISCUSSION

A decision on the merits of the complaint and the motion for summary judgment rests on determining the relation between the Debtor, Topani Foundation, Covadonga Properties, Inc., Wereld Financiering B.V., Zayid Services, Inc. and Zayid Services Ltd..; as well as the nature, validity and consideration of the transactions by and between each and all. The defendant, as the moving party in the motion for summary judgment has the burden to establish that all relevant and material facts are not in controversy and that it is entitled to judgment as a matter of law. Irrespective of the applicable law, the material facts are either disputed or not clear. Thus, the defendant has failed to meet its burden under the summary judgment legal standards.

CONCLUSION

In view of the foregoing, the Defendant's motion for summary judgment is hereby denied. A separate order will be entered scheduling trial on the merits.

SO ORDERED.

In San Juan, Puerto Rico, this 11th day of October, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-